IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETH CHANEY MACNEILL<br>*Plaintiff*<br><br>VS.<br><br>NIRMAL JAYASEELAN, M.D., DOMINGO K. TAN, M.D., CHAD CARLTON, M.D., TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, EMERGENCY MEDICINE CONSULTANTS LTD., BAYLOR ALL SAINTS MEDICAL CENTER AT FORT WORTH AND EMCARE, INC.<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 4-14CV-242-0<br>CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW COMES BETH CHANEY MACNEILL,** *Plaintiff* in the above-entitled and numbered cause, complaining of *Defendants*, **NIRMAL JAYASEELAN M.D., DOMINGO K. TAN M.D., CHAD CARLTON M.D., TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, EMERGENCY MEDICINE CONSULTANTS LTD., BAYLOR ALL SAINTS MEDICAL CENTER AT FORT WORTH AND EMCARE, INC.** and for cause of action would respectfully show this Court the following:

### PARTIES

1.1   Plaintiff is a resident of Harrison, Boone County, Arkansas.

1.2   Defendant Nirmal Jayaseelan, M.D. is a resident of Dallas, Dallas County, Texas and may be served with process at his principle place of business at 11970 North Central Expressway, Suite 670, Dallas, Texas 75243. On the occasion in question, Nirmal Jayaseelan,

M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical services in Dallas, Dallas County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in Bariatric and General Surgery. On the occasion in question, Beth Chaney MacNeill had a physician/patient relationship with Defendant Nirmal Jayaseelan, M.D.

1.3     Defendant Domingo K. Tan, M.D. is a resident of Fort Worth, Tarrant County, Texas and may be served with process at his principle place of business at 1001 College Avenue, Suite B, Fort Worth, Texas 76104. On the occasion in question, Domingo K. Tan, M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical services in Fort Worth, Tarrant County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in General Surgery. On the occasion in question, Beth Chaney MacNeill had a physician/patient relationship with Defendant Domingo K. Tan, M.D.,

1.4     Defendant Chad Carlton, M.D. is a resident of Plano, Collin County, Texas and may be served with process at his principle place of business at Nicholson Clinic, 5500 Democracy Dr. Suite 150 Plano, Texas 75024-4202. On the occasion in question, Chad Carlton, M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical services in Dallas, Dallas County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in Bariatric and General Surgery. On the occasion in question, Beth Chaney MacNeill had a physician/patient relationship with Defendant Chad Carlton, M.D.

1.5     Defendant Texas Health Harris Methodist Hospital Fort Worth is a private health care facility providing Level II emergency medical services in Fort Worth, Tarrant County, Texas and may be served with process by delivering a copy of this complaint to its registered agent Donald B. Collins at 612 E. Lamar Blvd. Ste 1400, Arlington, Texas 76011. On the occasion in question, Texas Health Harris Methodist Hospital Fort Worth was licensed by the State of Texas to provide emergency medical and surgical services in Fort Worth, Tarrant County, Texas. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified Level II emergency health care facility. On the occasion in question, Beth Chaney MacNeill had a hospital/patient relationship with Defendant Texas Health Harris Methodist Hospital Fort Worth.

1.6     Defendant Emergency Medicine Consultants, Ltd. is a Texas Limited Partnership. Emergency Medicine Consultants, Ltd. provides emergency medical services to Texas Health Harris Methodist Hospital Fort Worth. Emergency Medicine Consultants, Ltd. may be served with process by delivering a copy of this complaint to its registered agent J. Alexander Geesbreght at 6451 Brentwood Stair Road Suite 200 Fort Worth, Texas 76112. On the occasion in question, Emergency Medicine Consultants, Ltd. was licensed by the State of Texas to provide emergency medical services in Fort Worth, Tarrant County, Texas. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency medical services provider. On the occasion in question, Beth Chaney MacNeill had a emergency medical services provider/patient relationship with Defendant Emergency Medicine Consultants, Ltd..

1.7     Defendant Baylor All Saints Medical Center Fort Worth is a private health care facility providing emergency medical services in Fort Worth, Tarrant County, Texas and may be served with process by delivering a copy of this complaint to its registered agent CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234. On the occasion in question, Baylor All Saints Medical Center Fort Worth was licensed by the State of Texas to provide emergency medical and surgical services in Fort Worth, Tarrant County, Texas. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency health care facility. On the occasion in question, Beth Chaney MacNeill had a hospital/patient relationship with Defendant Baylor All Saints Medical Center Fort Worth.

1.8     Defendant EmCare, Inc. is a foreign corporation doing business in the State of Texas. EmCare, Inc. is an emergency medicine service organization that provides emergency medical services to Baylor All Saints Medical Center Fort Worth . EmCare, Inc. may be served with process by delivering a copy of this complaint to its registered agent Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company at 211 E. 7th Street Suite 620 Austin, Texas 78701-3218. On the occasion in question, EmCare, Inc. was licensed by the State of Texas to provide emergency medical services in Fort Worth, Tarrant County, Texas. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency medical services provider. On the occasion in question, Beth Chaney MacNeill had a emergency medical services provider/patient relationship with Defendant EmCare, Inc..

## JURISDICTION AND VENUE

2.1   This Court has federal question jurisdiction over this action because Plaintiff's cause action arises under 42 U.S.C.A. § 1395dd "EMTALA".[1]

2.2   This Court has complete diversity jurisdiction over the parties to this action because no defendant is a resident of the same state as the Plaintiff.[2] Plaintiff is a resident of the State of Arkansas. Defendants Nirmal Jayaseelan, M.D., Domingo K. Tan, M.D. and Chad Carlton, M.D. are residents of the State of Texas. Defendant EmCare, Inc. is a Delaware corporation doing business in the State of Texas and Defendant Emergency Medicine Consultants, Ltd. is a Texas Limited Partnership.

2.3   The matter in controversy exceeds the sum or value of the Seventy-Five Thousand Dollar ($75,000.00) minimum jurisdictional limits of this Court, exclusive of costs and interest.[3]

2.4   Venue is proper in the Northern District of Texas because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Texas.[4]

## CONDITIONS PRECEDENT

3.1   Pursuant to Federal Rule of Civil Procedure 9(c), all conditions precedent have occurred or been performed.

3.2   Plaintiff contends that Chapter 74 of the Texas Civil Practice and Remedies Code does not apply to Plaintiff's claims against Defendants Texas Health Harris Methodist Hospital Fort Worth, Emergency Medicine Consultants, Ltd., Baylor All Saints Medical Center Fort Worth, EmCare, Inc., Domingo Tan M.D. and Chad Carlton M.D.. However, without waiving

---

[1] 28 U.S.C. §1331
[2] 28 U.S.C. §1332(a)(1)
[3] 28 U.S.C. §1332(a)
[4] 28 U.S.C. §1391(a)(2)

such assertions, Plaintiff has fully complied with the provisions of the Texas Civil Practice and Remedies Code §74.051 and §74.052 by duly and properly notifying *all Defendants* of this health care liability claim prior to the filing of this Complaint and producing a HIPAA compliant authorization.

## STATEMENT OF FACTS

4.1  On April 21, 2012, Defendant Nirmal Jayaseelan, M.D. performed an endoscopy on Beth MacNeill. The endoscopy was normal. There was no esophagitus. No biopsy was performed and there was no esophageal manometry. Ms. MacNeill did not have refractory reflux, regurgitation or an incompetent sphincter. She did not complain of reflux disease and Defendant Nirmal Jayaseelan, M.D. had not medically managed her for GERDS.

4.2  On April 27, 2012, Defendant Nirmal Jayaseelan, M.D. performed an outpatient gastric fundo plication for GERDS on Beth MacNeill. Fundo plication surgery is a last resort surgical procedure for GERDS. Beth MacNeill did not have GERDS.

4.3  On April 28, 2012, Beth MacNeill presented to the Texas Health Harris Methodist Hospital Fort Worth Emergency Department and requested examination and treatment for complaints of severe abdominal pain.

4.4  In April 2012, Texas Health Harris Methodist Hospital Fort Worth was a Level II Trauma Center and it contracted with Emergency Medicine Consultants, Ltd. to provide Level II emergency medical services.

4.5  An imaging study of Beth MacNeill's abdomen confirmed pneumoperitoneum and ascites indicative of a surgical perforation. The perforation occurred during the fundo plication procedure. Gastric perforation is a surgical emergency. A delay in repairing a gastric perforation will likely cause a material deterioration of the patient's condition. Beth MacNeill's gastric

perforation was a surgical emergency and her medical condition required emergency services from a hospital and a surgeon. Texas Health Harris Methodist Hospital Fort Worth and Emergency Medicine Consultants, Ltd. discharged her home.

4.4     On April 29, 2012, Beth MacNeill presented to Baylor All Saints Medical Center at Fort Worth Emergency Department via ambulance in septic shock. A request was made on Beth MacNeill's behalf for examination and treatment.

4.5     In April 2012, Baylor All Saints Medical Center at Fort Worth contracted with EmCare, Inc. to provide emergency medical services.

4.6     Examination by EmCare physician, Asha Abraham D.O., discovered that Beth MacNeill's medical condition was emergent. Her abdomen was distended. She was diffusely tender to palpation, hypotensive, tachycardic and lactated at 9.37. She was in acute renal failure and her creatinine was 2.5. She was hyperkalemic and her potassium was over 5. CT images showed gross pneumoperitoneum and massive ascites indicative of a perforation or ischemic stomach.

4.7     Dr. Abraham requested a surgical consultation from general surgeon, Domingo Tan, M.D. Dr. Tan recognized the probability of a gastric leak and prepared Ms. MacNeill for operative exploration. Dr. Tan requested a bariatric consultation from Chad Carlton M.D. Dr. Carlton noted gross pneumoperitoneum and massive ascites. His assessment was intra-abdominal sepsis likely from an ischemic stomach and breakdown of the plication site. Dr. Carlton did not perform emergency surgery to repair the perforation. He initiated efforts to transfer Ms. MacNeill to Dr. Jayaseelan.

4.8     April 29, 2012 was a Sunday and Defendant Nirmal Jayaseelan, M.D. was not on call. John Winter, M.D. was covering for Dr. Jayaseelan that weekend but Dr. Winter was not a

bariatric surgeon and he refused to accept Beth MacNeill's transfer to Forest Park Medical Center.

4.9     Neither Baylor All Saints Medical Center at Fort Worth, EmCare, Dr. Tan nor Dr. Carlton performed emergency surgery to repair the gastric perforation. They kept Ms. MacNeill overnight and transferred her to Forest Park Medical Center the next day.

4.10    Beth MacNeill's medical condition deteriorated while she waited to be transferred to Forest Park Medical Center.

4.11    The fundo plication surgery and the delay in the surgical repair of the gastric perforation caused or contributed to cause injuries and damages to Beth MacNeill.

## STATEMENT OF THE CLAIM

### *NEGLIGENCE*

### Nirmal Jayaseelan, M.D.

On the occasion in question, Nirmal Jayaseelan, M.D. committed one or more of the following acts and/or omissions of negligence, proximately causing the occurrence or injuries in question:

5.1     He performed a fundo plication surgery for GERDS on Beth MacNeill;

5.2     He performed fundo plication surgery for GERDS without attempting to medically managing Beth MacNeill for GERDS;

5.3     He performed fundo plication surgery for GERDS in the absence of refractory reflux, regurgitation or an incompetent sphincter; and

5.4     He performed fundo plication surgery for GERDS without esohageal manometry;

The above and foregoing acts and/or omissions of negligence were jointly and severally a proximate cause of the injuries and damages to the Plaintiff.

## *42 U.S.C.A. § 1395dd "EMTALA"*

The **Emergency Medical Treatment and Active Labor Act 42 U.S.C.A. §1395dd** requires that *"If an individual comes to a hospital's emergency department and requests examination and treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exits"*. **42 U.S.C.A. §1395dd(a)** *If the hospital determines that the individual has an emergency medical condition, the hospital must provide either-- A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or B) for transfer of the individual to another medical facility in accordance with subsection (c).*
**42 U.S.C.A. §1395dd(b)(1)(A)(B).** Subsection (c) restricts the transfer of the individual *if the emergency medical condition has not been stabilized. The term "emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions or serious dysfunction of any bodily organ or part.* **42 U.S.C.A. §1395dd(e)(1)(A)(i-iii)** The term "stabilize" means *to provide such medical treatment of the condition as was necessary to assure, within reasonable medical probability, that no material deterioration of her condition was likely to result from or occur during the transfer of the individual from a facility.* **42 U.S.C.A. §1395dd(e)(3)(B)**

### Texas Health Harris Methodist Hospital Fort Worth

On the occasion in question, Texas Health Harris Methodist Hospital Fort Worth committed one or more of the following acts and/or omissions in violation of EMTALA:

6.1 Texas Health Harris Methodist Hospital Fort Worth failed to provide Beth MacNeill an appropriate medical screening examination;

6.2 Texas Health Harris Methodist Hospital Fort Worth failed to follow appropriate medical screening examination standards in its evaluation of Beth MacNeill;

6.3 Texas Health Harris Methodist Hospital Fort Worth failed to establish appropriate medical screening examination standards for patients like Beth MacNeill;

6.4 Texas Health Harris Methodist Hospital Fort Worth failed to stabilize Beth MacNeill's emergency medical condition; and

6.5 Texas Health Harris Methodist Hospital Fort Worth discharged Beth MacNeill with an emergency medical condition.

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Texas Health Harris Methodist Hospital Fort Worth's acts or omissions.

### Emergency Medicine Consultants Ltd.

On the occasion in question, Emergency Medicine Consultants Ltd. committed one or more of the following acts and/or omissions in violation of EMTALA:

7.1 Emergency Medicine Consultants Ltd. failed to provide Beth MacNeill an appropriate medical screening examination;

7.2 Emergency Medicine Consultants Ltd. failed to follow appropriate medical screening examination standards in its evaluation of Beth MacNeill;

7.3 Emergency Medicine Consultants Ltd. failed to establish appropriate medical screening examination standards for patients like Beth MacNeill;

7.4 Emergency Medicine Consultants Ltd. failed to stabilize Beth MacNeill's emergency medical condition; and

7.5 Emergency Medicine Consultants Ltd. discharged Beth MacNeill with an emergency medical condition.

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Emergency Medicine Consultants Ltd.'s acts or omissions.

### Baylor All Saints Medical Center Fort Worth

On the occasion in question, Baylor All Saints Medical Center Fort Worth committed one or more of the following acts and/or omissions in violation of EMTALA;

8.1 Baylor All Saints Medical Center Fort Worth failed to provide Beth MacNeill an appropriate medical screening examination;

8.2 Baylor All Saints Medical Center Fort Worth failed to follow appropriate medical screening examination standards in its evaluation of Beth MacNeill;

8.3 Baylor All Saints Medical Center Fort Worth failed to establish appropriate medical screening examination standards for patients like Beth MacNeill;

8.4 Baylor All Saints Medical Center Fort Worth failed to stabilize Beth MacNeill's emergency medical condition; and

8.5 Baylor All Saints Medical Center Fort Worth kept Beth MacNeill overnight and transfered her to Forest Park Medical Center the next morning.

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Baylor All Saints Medical Center Fort Worth acts or omissions.

### Emcare, Inc.

On the occasion in question, EmCare, Inc. committed one or more of the following acts and/or omissions of negligence, proximately causing the occurrence or injuries in question:

9.1 EmCare, Inc. failed to provide Beth MacNeill an appropriate medical screening examination;

9.2 EmCare, Inc. failed to follow appropriate medical screening examination standards in its evaluation of Beth MacNeill;

9.3  EmCare, Inc. failed to establish appropriate medical screening examination standards for patients like Beth MacNeill;

9.4  EmCare, Inc. failed to stabilize Beth MacNeill's emergency medical condition; and

9.5  EmCare, Inc. kept Beth MacNeill overnight and transfered her to Forest Park Medical Center the next morning.

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant EmCare, Inc.'s acts or omissions.

### Domingo K. Tan, M.D.

On the occasion in question, Domingo K. Tan, M.D. committed one or more of the following acts and/or omissions in violation of EMTALA:

10.1  He failed to stabilize Beth MacNeill's emergency medical condition;

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Domingo Tan M.D.'s acts or omissions.

### Chad Carlton, M.D.

On the occasion in question, Chad Carlton, M.D. committed one or more of the following acts and/or omissions in violation of EMTALA:

11.1  He failed to stabilize Beth MacNeill's emergency medical condition; and

11.2  He transferred Beth MacNeill when her emergency medical condition was not stabilized.

Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Chad Carlton M.D.'s acts or omissions.

## DAMAGES

13.1 As a direct and proximate result of the *Defendants'* acts and/or omissions, Beth Chaney MacNeill, has suffered past, present and future injuries and damages including, but not necessarily limited to, reasonable and necessary medical expenses, conscious physical pain and suffering, physical disability, physical disfigurement, mental anguish, emotional harm, lost earnings and loss of earning capacity. The amount of the above-described damages are substantially in excess of the minimum jurisdictional limits of this Court.

## DEMAND FOR JURY

14.1 Plaintiff hereby files her Jury Demand with the Court as required by FRCP 38 (b) and 5 (d).

## DEMAND FOR JUDGMENT

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Beth Chaney MacNeill prays that the *Defendants* be cited to appear and answer herein, and that Plaintiff has judgment, jointly and severally, against such *Defendants* as follows:

(1) That Plaintiff, Beth Chaney MacNeill recover of and from the *Defendants* judgment for the above-described past and/or future injuries and damages in an amount in excess of the minimum jurisdictional limits of this Court;

(2) That Plaintiff Beth Chaney MacNeill, recover pre-judgment interest on the amount accrued beginning on the 180th day after the date the *Defendants* receive written notice of claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered;

(3) That Plaintiff, Beth Chaney MacNeill, recover post-judgment interest on the amount due at the highest legal rate allowed by law from the date of judgment until paid; and

(4)    That Plaintiff, Beth Chaney MacNeill, recover all costs of Court, and such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

By: _____
Robert W. Hammer
State Bar No.: 08854780

**Michael J. Henry**
State Bar. No.: 09482300

**ROBERT W. HAMMER**
675 North Henderson, Suite 300
Fort Worth, Texas 76107
Telephone  817/ 332-8266
Telefax     817/ 332-8708
robert@rhammerlaw.com

AND

**MICHAEL J. HENRY**
**ATTORNEY AT LAW, P.C.**
675 North Henderson, Suite 300
Fort Worth, Texas 76107
Telephone  817/ 877-3303
Telefax     817/ 338-9109
henry@henrytexlaw.com

**ATTORNEYS FOR PLAINTIFF**



# CIVIL COVER SHEET



JS 44 (Rev. 09/11)

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Beth Chaney MacNeill

**DEFENDANTS**
Nirmal Jayaseelan, M.D., Domingo K. Tan M.D., Chad Carlton M.D., Texas Health Harris Methodist Hospital Fort Worth, Baylor University Medical Center at Dallas and EmCare, Inc.

**(b)** County of Residence of First Listed Plaintiff  Boone County Arkansas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

4-14CV-242-O

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert W. Hammer
675 N. Henderson #300
Fort Worth, Texas 76107   (817)-332-8266

Attorneys *(If Known)*
Unknown

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. 1395dd "EMTALA"
Brief description of cause:
Plaintiff presented to Defendants' ERs' and Defendants failed to stabilize her emergency medical condition.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** *(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE  04/08/2014
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
FW 02163
RECEIPT #____  AMOUNT $400.00  APPLYING IFP____  JUDGE____  MAG. JUDGE____