**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **BETH CHANEY MACNEILL,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4-14CV-242-0** |
| | § | |
| **NIRMAL JAYASEELAN, M.D.; DOMINGO K. TAN, M.D.; CHAD CARLTON, M.D.; TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH; EMERGENCY MEDICINE CONSULTANTS LTD; BAYLOR ALL SAINTS MEDICAL CENTER AT FORT WORTH AND EMCARE, INC.,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## CHAD CARLTON, M.D.'S RULE 12(b)(6) MOTION TO DISMISS

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW**, Chad Carlton, M.D. ("Dr. Carlton"), a defendant in the above-entitled and numbered cause, and pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE makes and files his Rule 12(b)(6) Motion to Dismiss as follows:

**I.**

## BACKGROUND

Plaintiff asserts claims against Dr. Carlton and six other named defendants. Plaintiff's only claim against Dr. Carlton is based on his alleged violation of the EMERGENCY MEDICAL TREATMENT & LABOR ACT ("EMTALA"), as set forth in 42 U.S.C.A., §1395dd (Plaintiff's Original Complaint, page 12, paragraphs 11.1-11.2). Plaintiff's EMTALA claim against Dr. Carlton is limited to his care and treatment of Plaintiff at Baylor All Saints Medical Center at Fort Worth on April 29-30, 2012 (Plaintiff's Original Complaint, pages 7-8, paragraphs 4.4-4.10). Plaintiff does not assert any Texas state law medical malpractice claim against

Dr. Carlton (Plaintiff's Original Petition, page 12, paragraphs 11.1-11.2; *Compare*, Plaintiff's Original Petition, page 8, NEGLIGENCE, Nirmal Jayaseetan, paragraphs 5.1-5.4).

**II.**

**RELIEF REQUESTED**

Pursuant to Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, Dr. Carlton requests that Plaintiff's claims against him be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff only asserts an EMTALA claim against Dr. Carlton, Plaintiff's entire claim against Dr. Carlton should be dismissed.

**III.**

**ARGUMENTS AND AUTHORITIES**

**A. Rule 12(b)(6) Motions And EMTALA:**

**1. Rule 12(b)(6):**

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE allows a defendant like Dr. Carlton to move for dismissal of a complaint based on the complaint's failure to state a claim upon which relief can be granted. FED. R. CIV. P., Rule 12(b)(6). *See also*, *Liles v. TH Healthcare, Ltd.*, 2012 U.S. Dist. LEXIS 128352 *6 (E.D. Tex. September 10, 2012). The purpose of Rule 12(b)(6) is to allow "a court to eliminate actions which are fatally flawed in their legal premises and destined to fail, thus sparing the litigants the burden of unnecessary pretrial and trial activity." *Desert Eagle Distributing of El Paso, Inc. v. KPMG LLP*, 2008 U.S. Dist. LEXIS 26315 *7 (W.D. Tex. January 22, 2008)(citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.)).

**2. EMTALA:**

EMTALA was enacted by the United States Congress to prevent "patient dumping." *See, Marshall v. East Carroll Parish Hospital,* 134 F.3d 319, 322 (5th Cir. 1998). EMTALA was not enacted to guarantee proper emergency medical care. *Id.* For this reason, EMTALA does not create a federal medical malpractice cause of action or set a nationwide standard of care. *Marshall*, 134 F.3d at 322.

As such, EMTALA does not duplicate or replace Texas medical malpractice law protections that already existed when EMTALA was enacted. *See, Summers v. Baptist Medical Center,* 91 F.3d 1132, 1137 (8th Cir. 1996). EMTALA only serves as a "'gap-filler' for state malpractice law, in that EMTALA gives patients who would otherwise have no claim in state court a forum to redress their injuries." *Root v. Liberty Emergency Physicians, Inc.*, 68 F.Supp.2d 1086, 1091 (W.D. Mo. 1999), *aff'd*, 209 F.3d 1068 (8th Cir. 2000).

**B. Plaintiff Cannot Assert An EMTALA Claim Against Dr. Carlton:**

EMTALA only imposes liability on covered hospitals for certain acts of hospital staff physicians, nurses and other personnel. 42 U.S.C., §1395dd(d)(2); *Liles,* 2012 U.S. Dist. LEXIS 128352 at *9; *Dysart v. Selvaggi,* 159 F.Supp.2d 387, 390 (N.D. Tex. 2001). EMTALA does not impose liability on individual physicians, nurses and other health care personnel. *Id.*

Because EMTALA does not impose liability on individual physicians like Dr. Carlton, Plaintiff's complaint fails to state a claim against Dr. Carlton upon which relief can be granted because her only claim against Dr. Carlton is for his alleged violation of EMTALA (Plaintiff's Original Complaint, page 12, Chad Carlton, M.D.)("On the occasion in question, Chad Carlton, M.D. committed one or more of the following acts or omissions in violation of EMTALA"). *See, Liles*, 2012 U.S. Dist. LEXIS 128352 at *9, 19-20, 21, 22, 23-24; *Goodvine v. Pasha*,

2013 U.S. Dist. LEXIS 126007 *5-6 (E.D. Wisc. September 4, 2013)(citations omitted); *Schubert v. Freed,* 682 F.Supp.2d 657, 559-60 (N.D.West Va. 2010)(citations omitted); *Prickett v. Hot Spring County Medical Center,* 2007 U.S. Dist. LEXIS 76954 *5-6 (W.D. Ark. October 5, 2007)(citations omitted). For this reason, Dr. Carlton is entitled to dismissal of Plaintiff's claim against him under Rule 12(b)(6). *See, id.*

## IV.

## CONCLUSION

Plaintiff's only claim against Dr. Carlton is for his alleged violation of EMTALA. By its specific terms, EMTALA does not provide Plaintiff with a cause of action against an individual physician like Dr. Carlton. As such, the only cause of action pleaded against Dr. Carlton in Plaintiff's Original Complaint is "destined to fail." Accordingly, Dr. Carlton should be spared "the burden of any further unnecessary pretrial and trial activity" in defending the invalid single claim against him in Plaintiff's Original Complaint. For this reason, based on the authority outlined above, Dr. Carlton is entitled to dismissal of Plaintiff's claim against him under Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.

**WHEREFORE, PREMISES CONSIDERED**, Chad Carlton, M.D. respectfully requests that his Rule 12(b)(6) Motion to Dismiss be granted, that Plaintiff's claim against him be dismissed, and that he be granted such other and further relief to which he may show himself justly entitled to receive.

Respectfully Submitted,

**THIEBAUD REMINGTON THORNTON BAILEY, LLP**

By: /s/Russell G. Thornton
**RUSSELL G. THORNTON**
State Bar Card No. 19982850
**rthornton@trtblaw.com**

4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
(214) 954-2200
(214) 754-0999 (Fax)

**ATTORNEYS FOR DEFENDANT CHAD CARLTON, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2014, I served each of the following counsel with a copy of the motion electronically through the Court's ECF system:

Mr. Robert Hammer
HAMMER & ASSOCIATES
675 N. Henderson Street, Suite 300
Fort Worth, Texas 76107
Robert@rhammerlaw.com

Mr. Michael J. Henry
Attorney at Law, P.C.
675 N. Henderson Street, Suite 300
Fort Worth, Texas 76107
henry@henrytexlaw.com

/s/Russell G. Thornton
**RUSSELL G. THORNTON**