IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETH CHANEY MACNEILL<br>*Plaintiff*<br><br>VS.<br><br><br>NIRMAL JAYASEELAN, M.D., DOMINGO<br>K. TAN, M.D., CHAD CARLTON, M.D.,<br>TEXAS HEALTH HARRIS METHODIST<br>HOSPITAL FORT WORTH, EMERGENCY<br>MEDICINE CONSULTANTS LTD.,<br>BAYLOR ALL SAINTS MEDICAL CENTER<br>AT FORT WORTH AND EMCARE, INC.<br>*Defendants* | § § § § § § § § § § § § | CIVIL ACTION NO. 4-14CV-242-0 |

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES BETH CHANEY MACNEILL, *Plaintiff* in the above-entitled and numbered cause, and files this Amended Complaint, pursuant to *Federal Rule of Civil Procedure 15(a)(1),* complaining of *Defendants,* **NIRMAL JAYASEELAN M.D., DOMINGO K. TAN M.D., CHAD CARLTON M.D., TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH, EMERGENCY MEDICINE CONSULTANTS LTD., BAYLOR ALL SAINTS MEDICAL CENTER AT FORT WORTH AND EMCARE, INC.** and for cause of action would respectfully show this Court the following:

### PARTIES

1.0    Plaintiff is a resident of Harrison, Boone County, Arkansas.

1.1    Defendant Nirmal Jayaseelan, M.D. has been served with process and has filed an answer herein. On the occasion in question, Nirmal Jayaseelan, M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical

services in Dallas, Dallas County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in Bariatric and General Surgery. On the occasion in question, Beth Chaney MacNeill had a physician/patient relationship with Defendant Nirmal Jayaseelan, M.D.

      1.2    Defendant Domingo K. Tan, M.D. is a resident of Fort Worth, Tarrant County, Texas and has been served with process at his principle place of business at 1001 College Avenue, Suite B, Fort Worth, Texas 76104. On the occasion in question, Domingo K. Tan, M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical services in Fort Worth, Tarrant County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in General Surgery. On the occasion in question, Defendant Domingo K. Tan, M.D. provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a physician/patient relationship with Defendant Domingo K. Tan, M.D.

      1.3    Defendant Chad Carlton, M.D. has been served with process and filed an answer herein. On the occasion in question, Chad Carlton, M.D. was a physician licensed by the State of Texas to practice medicine and surgery and was providing medical and surgical services in Dallas, Dallas County, Texas. He held himself out and represented to the Plaintiff, and the public in general, that he was a competent and qualified physician specializing in Bariatric and General Surgery. On the occasion in question, Defendant Chad Carlton, M.D. provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a physician/patient relationship with Defendant Chad Carlton, M.D.

      1.4    Defendant Texas Health Harris Methodist Hospital Fort Worth has been served with process and has filed an answer herein. On the occasion in question, Texas Health Harris

Methodist Hospital Fort Worth was licensed by the State of Texas to provide emergency medical and surgical services in Fort Worth, Tarrant County, Texas.   Texas Health Harris Methodist Hospital Fort Worth was a "participating hospital" as that term is defined by *42 USCS §1395dd(e)(2)*. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified Level II emergency health care facility. On the occasion in question, Defendant Texas Health Harris Methodist Hospital Fort Worth, by and through its agents and/or employees, provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a hospital/patient relationship with Defendant Texas Health Harris Methodist Hospital Fort Worth.

1.5     Defendant Emergency Medicine Consultants, Ltd. is a Texas Limited Partnership. Emergency Medicine Consultants, Ltd., by and through its agents and/or employees, provides emergency medical services to Texas Health Harris Methodist Hospital Fort Worth. Emergency Medicine Consultants, Ltd. has been served with process and has filed an answer herein. On the occasion in question, Emergency Medicine Consultants, Ltd. was licensed by the State of Texas to provide emergency medical services in Fort Worth, Tarrant County, Texas.   It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency medical services provider. On the occasion in question, Defendant Emergency Medicine Consultants, Ltd. provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a emergency medical services provider/patient relationship with Defendant Emergency Medicine Consultants, Ltd..

1.6     Defendant Baylor All Saints Medical Center Fort Worth  is a private health care facility providing emergency medical services in Fort Worth, Tarrant County, Texas.  Defendant Baylor All Saints Medical Center Fort Worth  has been served with process and has filed an

answer herein. On the occasion in question, Baylor All Saints Medical Center Fort Worth was licensed by the State of Texas to provide emergency medical and surgical services in Fort Worth, Tarrant County, Texas.   Baylor All Saints Medical Center Fort Worth was a "participating hospital" as that term is defined by *42 USCS §1395dd(e)(2)*. It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency health care facility. On the occasion in question, Defendant Baylor All Saints Medical Center Fort Worth, by and through its agents and/or employees, provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a hospital/patient relationship with Defendant Baylor All Saints Medical Center Fort Worth.

1.7     Defendant EmCare, Inc. is a foreign corporation doing business in the State of Texas. EmCare, Inc. is an emergency medicine service organization that provides emergency medical services to Baylor All Saints Medical Center Fort Worth . Defendant EmCare, Inc. has been served with process and filed an answer herein. On the occasion in question, EmCare, Inc. was licensed by the State of Texas to provide emergency medical services in Fort Worth, Tarrant County, Texas.  It held itself out and represented to the Plaintiff, and the public in general, that it was a competent and qualified emergency medical services provider. On the occasion in question, Defendant EmCare, Inc., by and through its agents and/or employees, provided emergency medical services to the Plaintiff and Beth Chaney MacNeill had a emergency medical services provider/patient relationship with Defendant EmCare, Inc..

## JURISDICTION AND VENUE

2.0     This Court has federal question jurisdiction over this action because Plaintiff's cause action arises under 42 U.S.C.A. § 1395dd "EMTALA".[1]

---

[1] 28 U.S.C. §1331

2.1    This Court has complete diversity jurisdiction over the parties to this action because no defendant is a resident of the same state as the Plaintiff.[2] Plaintiff is a resident of the State of Arkansas. Defendants Nirmal Jayaseelan, M.D., Domingo K. Tan, M.D. and Chad Carlton, M.D. are residents of the State of Texas. Defendant EmCare, Inc. is a Delaware corporation doing business in the State of Texas and Defendant Emergency Medicine Consultants, Ltd. is a Texas Limited Partnership.

2.2    The matter in controversy exceeds the sum or value of the Seventy-Five Thousand Dollar ($75,000.00) minimum jurisdictional limits of this Court, exclusive of costs and interest.[3]

2.3    Venue is proper in the Northern District of Texas because a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Texas.[4]

## CONDITIONS PRECEDENT

3.0    Pursuant to Federal Rule of Civil Procedure 9(c), all conditions precedent have occurred or been performed.

3.1    Plaintiff has fully complied with the provisions of the *Texas Civil Practice and Remedies Code §74.051 and §74.052* with regard to Defendant Nirmal Jayaseelan, M.D.. Plaintiff duly and properly notified Defendant Nirmal Jayaseelan, M.D. of her health care liability claim prior to the filing of this Petition and produced a §74.052(c) HIPAA compliant authorization.

3.2    Plaintiff claims that Defendants Texas Health Harris Methodist Hospital Fort Worth,  Emergency Medicine Consultants, Ltd., Baylor All Saints Medical Center Fort Worth, EmCare, Inc., Domingo Tan M.D. and Chad Carlton M.D. violated the *Emergency Medical Treatment and Active Labor Act 42 U.S.C.A. §1395dd* and therefore *Texas Civil Practice and*

---

[2] 28 U.S.C. §1332(a)(1)
[3] 28 U.S.C. §1332(a)
[4] 28 U.S.C. §1391(a)(2)

*Remedies Code §74.051 and §74.052* do not apply. In the alternative, Plaintiff asserts that Defendants Texas Health Harris Methodist Hospital Fort Worth,  Emergency Medicine Consultants, Ltd., Baylor All Saints Medical Center Fort Worth, EmCare, Inc., Domingo Tan M.D. and Chad Carlton M.D. were negligent and Plaintiff has fully complied with the provisions of the Texas Civil Practice and Remedies Code §74.051 and §74.052 by duly and properly notifying these Defendants of this health care liability claim prior to the filing of this Complaint and by producing a HIPAA compliant authorization.

## STATEMENT OF FACTS

4.0     On April 21, 2012, Defendant Nirmal Jayaseelan, M.D.  performed an endoscopy on Beth MacNeill. The endoscopy was normal. There was no esophagitis. No biopsy was performed and there was no esophageal manometry. Ms. MacNeill did not have refractory reflux, regurgitation or an incompetent lower esophageal sphincter. She did not complain of reflux disease and Defendant Nirmal Jayaseelan, M.D. had not medically managed her for gastroesophageal reflux disease, or GERD.

4.1     On April 27, 2012, Defendant Nirmal Jayaseelan, M.D. performed an outpatient gastric fundo plication for GERD on Beth MacNeill. Fundo plication surgery is a last resort surgical procedure for GERD. Beth MacNeill did not have GERD.

4.2     On April 28, 2012, Beth MacNeill presented to the Texas Health Harris Methodist Hospital Fort Worth Emergency Department and requested examination and treatment for complaints of severe abdominal pain.

4.3     In April 2012, Texas Health Harris Methodist Hospital Fort Worth was a Level II Trauma Center and it contracted with Emergency Medicine Consultants, Ltd. to provide Level II emergency medical services.

4.4     An imaging study of Beth MacNeill's abdomen confirmed pneumoperitoneum and ascites indicative of a surgical perforation. The perforation occurred during the fundo plication procedure. Gastric perforation is a surgical emergency. A delay in repairing a gastric perforation will likely cause a material deterioration of the patient's condition. Beth MacNeill's gastric perforation was a surgical emergency and her medical condition required emergency services from a hospital and a surgeon. Texas Health Harris Methodist Hospital Fort Worth and Emergency Medicine Consultants, Ltd. discharged her home.

4.5     On April 29, 2012, Beth MacNeill presented to Baylor All Saints Medical Center at Fort Worth Emergency Department via ambulance in septic shock. A request was made on Beth MacNeill's behalf for examination and treatment.

4.6     In April 2012, Baylor All Saints Medical Center at Fort Worth contracted with EmCare, Inc. to provide emergency medical services.

4.7     Examination by emergency physician, Asha Abraham D.O., indicates that Beth MacNeill's medical condition was emergent. Her abdomen was distended. She was diffusely tender to palpation, hypotensive, tachycardic and lactated at 9.37. She was in acute renal failure and her creatinine was 2.5. She was hyperkalemic and her potassium was over 5. CT images showed gross pneumoperitoneum and massive ascites indicative of a perforation or ischemic stomach.

4.8     Dr. Abraham requested a surgical consultation from general surgeon, Domingo Tan, M.D. Dr. Tan recognized the probability of a gastric leak and prepared Ms. MacNeill for operative exploration. Dr. Tan requested a bariatric consultation from Chad Carlton M.D. Dr. Carlton noted gross pneumoperitoneum and massive ascites. His assessment was intra-abdominal sepsis likely from an ischemic stomach and breakdown of the plication site. Dr. Carlton did not

perform emergency surgery to repair the perforation. He initiated efforts to transfer Ms. MacNeill to Dr. Jayaseelan.

4.9    April 29, 2012 was a Sunday and Defendant Nirmal Jayaseelan, M.D. was not on call. John Winter, M.D. was covering for Dr. Jayaseelan that weekend but Dr. Winter was not a bariatric surgeon and he refused to accept Beth MacNeill's transfer to Forest Park Medical Center.

4.10    Neither Baylor All Saints Medical Center at Fort Worth, EmCare, Dr. Tan nor Dr. Carlton performed emergency surgery to repair the gastric perforation. They kept Ms. MacNeill overnight and transferred her to Forest Park Medical Center the next day.

4.11    Beth MacNeill's medical condition deteriorated while she waited to be transferred to Forest Park Medical Center.

4.12    The fundo plication surgery and the delay in the surgical repair of the gastric perforation caused or contributed to cause injuries and damages to Beth MacNeill.

## STATEMENT OF THE CLAIMS

### Nirmal Jayaseelan, M.D.

5.0    On the occasion in question, Nirmal Jayaseelan, M.D. committed one or more of the following acts and/or omissions of negligence:

5.1    He performed a fundo plication surgery for GERD on Beth MacNeill;

5.2    He performed fundo plication surgery for GERD without attempting to medically managing Beth MacNeill for GERD;

5.3    He performed fundo plication surgery for GERD in the absence of refractory reflux, regurgitation or an incompetent sphincter; and

5.4    He performed fundo plication surgery for GERD without esohageal manometry;

5.5     The acts and/or omissions of Nirmal Jayaseelan, M.D. jointly and severally caused or contributed to cause injuries and damages to the Plaintiff.

## 42 U.S.C.A. § 1395dd "EMTALA"

6.0     The *Emergency Medical Treatment and Active Labor Act 42 U.S.C.A. §1395dd* requires that if an individual comes to a hospital's emergency department and requests examination and treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition exits. *42 U.S.C.A. §1395dd(a)*

6.1     If the hospital determines that the individual has an emergency medical condition, the hospital must provide either-- A) within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition, or B) for transfer of the individual to another medical facility in accordance with subsection (c) *42 U.S.C.A. §1395dd(b)(1)(A)(B)*.

6.2     Subsection (c) restricts the transfer of the individual if the emergency medical condition has not been stabilized. *42 U.S.C.A. §1395dd(c)*.

6.3     The term "emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions or serious dysfunction of any bodily organ or part. *42 U.S.C.A. §1395dd(e)(1)(A)(i-iii)*

6.4    The term "stabilize" means to provide such medical treatment of the condition as was necessary to assure, within reasonable medical probability, that no material deterioration of her condition was likely to result from or occur during the transfer of the individual from a facility. *42 U.S.C.A. §1395dd(e)(3)(B)*.

6.5    Within the context of EMTALA, statutory liability is imputed to the hospital based on the actions and decisions of the hospital's emergency physician's, support staff and any healthcare providers ancillary to the emergency department. A hospital is liable for the emergency medicine physician's conduct and decisions regarding screening, stabilization, and transfer because the hospital can only act, and thereby comply with EMTALA's requirements, by relying on the actions of its physicians and hospital staff.  Any EMTALA violation by a physician, staff or healthcare provider ancillary to the emergency department is also a violation by the hospital. *Burditt v. U.S. HHS*, 934 F.2d 1362, 1374 (5th Cir. 1991).

### Texas Health Harris Methodist Hospital Fort Worth

7.0    In April 2012, Texas Health Harris Methodist Hospital Fort Worth contracted with Emergency Medicine Consultants, Ltd. to provide emergency medical services. Accordingly, the acts and/or omissions of the Emergency Medicine Consultants, Ltd.'s physicians, staff, or any ancillary healthcare providers within the hospital, are imputed to Texas Health Harris Methodist Hospital Fort Worth.

7.1    Pleading in the alternative, pursuant to FRCP 8(d)(2), the health care providers within Emergency Medicine Consultants Ltd. were acting as agents, employees or associates of Texas Health Harris Methodist Hospital Fort Worth and were acting within the scope of their authority as such agents, employees or associates of Texas Health Harris Methodist Hospital Fort Worth. Plaintiff had a reasonable belief that the Emergency Medicine Consultants Ltd. was

authorized by Texas Health Harris Methodist Hospital Fort Worth to act on its behalf. Accordingly, Texas Health Harris Methodist Hospital Fort Worth is responsible for the damages which resulted from the acts or omissions of its agents, employees or associates under the principals of agency.

      7.2     On April 28, 2012, Beth MacNeill went to Texas Health Harris Methodist Hospital Fort Worth's Emergency Department with an emergency medical condition and the hospital, by and through its agents, servants or employees,  either (a) did not adequately screen Ms. MacNeill to determine whether or not she had an emergency medical condition or (b) had actual knowledge of the emergency medical condition and did not stabilize her before discharge. Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Texas Health Harris Methodist Hospital Fort Worth's acts and omissions.

      7.3     Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not an EMTALA violation, then Texas Health Harris Methodist Hospital Fort Worth, by and through its agents, servants or employees, committed one or more of the following acts and/or omissions of negligence:

                7.4    Texas Health Harris Methodist Hospital Fort Worth failed to properly evaluate, diagnose and treat Beth MacNeill's medical condition;

                7.5    Texas Health Harris Methodist Hospital Fort Worth failed to recognize that Beth MacNeill's medical condition was emergent;

                7.6    Texas Health Harris Methodist Hospital Fort Worth discharged Beth MacNeill with an emergency medical condition;

      7.7     The acts or omissions of Texas Health Harris Methodist Hospital Fort Worth, by and through its agent, Emergency Medicine Consultants Ltd., jointly and severally caused or contributed to cause Plaintiff's injuries and damages.

## Emergency Medicine Consultants Ltd.

8.0     Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not an EMTALA violation and if the acts or omissions of Emergency Medicine Consultants Ltd. are not imputed to Texas Health Harris Methodist Hospital Fort Worth then Emergency Medicine Consultants Ltd. was an express or ostensible agent of Texas Health Harris Methodist Hospital Fort Worth, and Emergency Medicine Consultants Ltd., by and through its agents and/or employees, committed one or more of the following acts and/or omissions of negligence:

        8.1     Emergency Medicine Consultants Ltd. failed to properly evaluate, diagnose and treat Beth MacNeill's condition;

        8.2     Emergency Medicine Consultants Ltd. failed to recognize that Beth MacNeill's medical condition was emergent;

        8.3     Emergency Medicine Consultants Ltd. discharged Beth MacNeill with an emergency medical condition.

8.4     Emergency Medicine Consultants Ltd.'s acts or omissions jointly and severally caused or contributed to cause Plaintiff's injuries and damages.

## Baylor All Saints Medical Center Fort Worth

9.0     In April 2012, Baylor All Saints Medical Center Fort Worth contracted with EmCare, Inc. to provide emergency medical services. Domingo K. Tan M.D. and Chad Carlton M.D. provided medical services to Beth MacNeill that were ancillary to the emergency medical services. Accordingly, the acts and/or omissions of the EmCare, Inc.'s physicians, staff, Domingo K. Tan M.D. and Chad Carlton M.D. are imputed to Baylor All Saints Medical Center Fort Worth.

9.1     Pleading in the alternative, pursuant to FRCP 8(d)(2), the health care providers within EmCare, Inc., Domingo K. Tan M.D. and Chad Carlton M.D. were acting as agents, employees or associates of Baylor All Saints Medical Center Fort Worth and were acting within the scope of their authority as such agents, employees or associates of Baylor All Saints Medical

Center Fort Worth. Plaintiff had a reasonable belief that the EmCare, Inc., Domingo K. Tan M.D. and Chad Carlton M.D. were authorized by Baylor All Saints Medical Center Fort Worth to act on its behalf. Accordingly, Baylor All Saints Medical Center Fort Worth is responsible for the damages which resulted from the acts or omissions of its agents, employees or associates under the principals of agency.

9.2     On April 29, 2012, Beth MacNeill went to Baylor All Saints Medical Center Fort Worth's Emergency Department with an emergency medical condition and the hospital, by and through its agents, servants or employees,  either (a) did not adequately screen Ms. MacNeill to determine whether or not she had an emergency medical condition or (b) had actual knowledge of the emergency medical condition and did not stabilize her before transfer.

9.3     Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Baylor All Saints Medical Center Fort Worth's acts and omissions.

9.4     Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not an EMTALA violation, Baylor All Saints Medical Center Fort Worth, by and through its agents, servants or employees, committed one or more of the following acts and/or omissions of negligence:

9.5     Baylor All Saints Medical Center Fort Worth failed to properly evaluate, diagnose and treat Beth MacNeill's medical condition;

9.6     Baylor All Saints Medical Center Fort Worth failed to recognize that Beth MacNeill's medical condition was emergent;

9.7     Baylor All Saints Medical Center Fort Worth kept Beth MacNeill overnight and transferred her to Forest Park Medical Center the next morning.

9.8     Plaintiff's injuries and damages were jointly and severally a direct result of Defendant Baylor All Saints Medical Center Fort Worth acts or omissions.

### Emcare, Inc.

10.0    Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not an EMTALA violation and if the acts or omissions of EmCare, Inc. are not imputed to Baylor All Saints Medical Center Fort Worth then EmCare, Inc. was an express or ostensible agent of Baylor All Saints Medical Center Fort Worth and EmCare, Inc., by and through its agents and/or employees, committed one or more of the following acts and/or omissions of negligence:

10.1    EmCare, Inc. failed to properly evaluate, diagnose and treat Beth MacNeill's condition;

10.2    EmCare, Inc. failed to recognize that Beth MacNeill's medical condition was emergent;

10.3    EmCare, Inc. transferred Beth MacNeill with an emergency medical condition.

10.4    EmCare, Inc.'s acts or omissions jointly and severally caused or contributed to cause Plaintiff's injuries and damages.


### Domingo K. Tan, M.D.

11.0    Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if the acts or omissions of Domingo K. Tan M.D. were not ancillary to the emergency medical services and are not imputed to Baylor All Saints Medical Center Fort Worth then Domingo K. Tan M.D. committed one or more of the following acts and/or omissions of negligence individually and as an express or ostensible agent of Baylor All Saints Medical Center Fort Worth:

11.1    Domingo K. Tan M.D. failed to properly evaluate, diagnose and treat Beth MacNeill's condition;

11.2    Domingo K. Tan M.D. failed to recognize that Beth MacNeill's medical condition was emergent;

11.3    Domingo K. Tan M.D. failed to treat Beth MacNeill's gastric perforation in a timely manner;

      11.4    Domingo K. Tan M.D. kept Beth MacNeill overnight and allowed her condition to deteriorate before transferring her the next morning.

      11.5    Domingo K. Tan M.D.'s acts or omissions jointly and severally caused or contributed to cause Plaintiff's injuries and damages.

### Chad Carlton, M.D.

      12.0    Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if the acts or omissions of Chad Carlton M.D. were not ancillary to the emergency medical services and are not imputed to Baylor All Saints Medical Center Fort Worth then Chad Carlton M.D. committed one or more of the following acts and/or omissions of negligence individually and as an express or ostensible agent of Baylor All Saints Medical Center Fort Worth:

      12.1    Chad Carlton M.D. failed to properly evaluate, diagnose and treat Beth MacNeill's condition;

      12.2    Chad Carlton M.D. failed to recognize that Beth MacNeill's medical condition was emergent;

      12.3    Chad Carlton M.D. failed to treat Beth MacNeill's gastric perforation in a timely manner;

      12.4    Chad Carlton M.D. kept Beth MacNeill overnight and allowed her condition to deteriorate before transferring her the next morning.

      12.5    Chad Carlton M.D.'s acts or omissions jointly and severally caused or contributed to cause Plaintiff's injuries and damages.

### DAMAGES

      13.0    As a direct and proximate result of the Defendants' acts and/or omissions, Beth Chaney MacNeill, has suffered past, present and future injuries and damages including, but not necessarily limited to, reasonable and necessary medical expenses, conscious physical pain and suffering, physical disability, physical disfigurement, mental anguish, emotional harm, lost earnings and loss of earning capacity. The amount of the above-described damages are substantially in excess of the minimum jurisdictional limits of this Court.

## DEMAND FOR JURY

14.0     Plaintiff hereby files her Jury Demand with the Court as required by FRCP 38 (b)

and 5 (d).

## DEMAND FOR JUDGMENT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Beth Chaney MacNeill prays

that the *Defendants* be cited to appear and answer herein, and that Plaintiff has judgment, jointly

and severally, against such *Defendants* as follows:

(1)     That Plaintiff, Beth Chaney MacNeill recover of and from the *Defendants* judgment for the above-described past and/or future injuries and damages in an amount in excess of the minimum jurisdictional limits of this Court;

(2)     That Plaintiff Beth Chaney MacNeill, recover pre-judgment interest on the amount accrued beginning on the 180th day after the date the *Defendants* receive written notice of claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered;

(3)     That Plaintiff, Beth Chaney MacNeill, recover post-judgment interest on the amount due at the highest legal rate allowed by law from the date of judgment until paid; and

(4)     That Plaintiff, Beth Chaney MacNeill, recover all costs of Court, and such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

By  /s/ Robert Hammer_____
**Robert W. Hammer**
State Bar No.: 08854780

**Michael J. Henry**
State Bar. No.: 09482300

**ROBERT W. HAMMER**
675 North Henderson, Suite 300
Fort Worth, Texas 76107
Telephone 817/ 332-8266
Telefax    817/ 332-8708
robert@rhammerlaw.com
AND

**MICHAEL J. HENRY P.C.**
675 North Henderson, Suite 300
Fort Worth, Texas 76107
Telephone 817/ 877-3303
Telefax    817/ 338-9109
henry@henrytexlaw.com

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 21, 2014, I electronically filed the foregoing with the Clerk

for the U.S. District Court, Northern District of Texas, using the ECF system which will send

notification of such filing to the following counsel of record:

Russell G. Thornton
THIEBAUD REMINGTON THORNTON BAILEY, L.L.P.
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
rthornton@trtblaw.com

Julie A. Mederos
MEDEROS ATTORNEYS
17950 Preston Road, Suite 990
Dallas, Texas 75252
jmederos@mederosattorneys.com

Gregory P. Blaies

James W. Hryekewicz
BLAIES & HIGHTOWER
421 W. Third Street, Suite 900
Fort Worth, Texas 76102
gregblaies@bhilaw.com
jwh@bhilaw.com

Jeffrey W. Ryan
CHAMBLEE & RYAN P.C.
2777 N. Stemmons Frwy., Suite 1157
Dallas, Texas 75207
jwryan@chambleeryan.com

Vernon L. Krueger
KRUEGER, BELL & BAILEY
1701 Market Street, Suite 318, LB 18
Dallas, Texas 75202
Vernon@kbbllp.com

/s/ Robert Hammer
**Robert W. Hammer**