IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETH CHANEY MACNEILL, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4-14CV-242-0 |
| | § | |
| NIRMAL JAYASEELAN, M.D.; | § | |
| DOMINGO K. TAN, M.D.; CHAD | § | |
| CARLTON, M.D.; TEXAS HEALTH | § | |
| HARRIS METHODIST HOSPITAL | § | |
| FORT WORTH; EMERGENCY | § | |
| MEDICINE CONSULTANTS LTD; | § | |
| BAYLOR ALL SAINTS MEDICA | § | |
| CENTER AT FORT WORTH | § | |
| AND EMCARE, INC. | § | |
| | § | |
| DEFENDANTS | § | |

**RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED OF DEFENDANT
OF DOMINGO K. TAN, M.D.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, DOMINGO K. TAN, M.D., one of the Defendants in the above entitled and numbered cause, (hereinafter referred to as "Tan"), and moves to dismiss the Plaintiff's claims against him pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failing to state a claim upon which relief can be granted, and would respectfully show this Honorable Court the following:

I.

## BACKGROUND

In the Plaintiff's Amended Complaint, allegations are made against Tan premised on violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C.A. §1395dd, (see Paragraph 3.2 of Plaintiff's Amended Complaint), and on negligence (see Paragraphs 3.2, 11.0, 11.1, 11.2, 11.3, and 11.4) of Plaintiff's Amended Complaint for failing to perform an alleged emergent surgery and for transferring the Plaintiff when she needed such surgery. Plaintiff does not claim that Tan committed any willful, wanton or gross negligence in her Amended Complaint.

II.

## RELIEF REQUESTED

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendant requests that the Plaintiff's claims against him be dismissed for failure to state a claim upon which relief can be granted. In support thereof, Defendant would make the arguments noted below.

III.

## EMERGENCY MEDICAL TREATMENT AND LABOR ACT ("EMTALA")

The Plaintiff admits in her Amended Complaint that she presented to the Baylor All Saints Medical Center Emergency Room in septic shock, and that her medical condition was emergent. (see Paragraphs 4.5, 4.7 of the Plaintiff's Amended Complaint). The Plaintiff also admits that Tan evaluated her and began to prepare her for an operative exploration by requesting a bariatric consultation from Dr. Chad Carlton, M.D., who also later evaluated the Plaintiff, but did not perform surgery. (see Paragraph 4.8 of the Plaintiff's Amended Complaint).

Plaintiff also admits that Tan provided emergency medical services to her. (see Paragraph 1.2, Plaintiff's Amended Complaint).

Tan would show that EMTALA was enacted to prevent patient dumping, and was never intended to be used as a federal malpractice statute. EMTALA imposes only a limited duty on hospitals with emergency rooms; it is not a substitute for state-law malpractice actions. By the terms of the statute, a private cause of action on behalf of the Plaintiff is not available against Tan. There are no allegations in the Plaintiff's Amended Complaint giving rise to a plausible inference that Tan was, or is, a participating hospital as required by EMTALA. For the above and foregoing reasons, Tan is entitled to a dismissal of the Plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6).

## IV.

## EMERGENCY MEDICAL CARE

Alternatively, the Plaintiff asserts claims of negligence against Defendant Tan. The Plaintiff has admitted that Tan was performing emergency medical care to her while her medical condition was emergent after she presented to the emergency room of the Baylor All Saints Medical Center. Section 74.153, Texas Civil Practice & Remedies Code, provides that a claimant claiming a health care liability claim against a physician for injuries arising out of emergency medical care must prove that the treatment or lack of treatment by the physician or healthcare provider departed from accepted standards of medical care or health care by establishing, by a preponderance of the evidence, that the physician, with willful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinary prudent physician or health care provider in the same or similar circumstances. Tan would show that there are no allegations against him of willful, wanton or gross negligence in the Plaintiff's

Amended Complaint, only ordinary negligence. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted against Tan and her claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

V.

**CONCLUSION AND PRAYER**

For the reasons stated above, the Plaintiff's Amended Complaint fails to state a claim for which relief is available against Defendant Domingo K. Tan, M.D. on its face. Accordingly, Tan respectfully moves this Honorable Court to grant his Rule 12(b)(6) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Domingo K. Tan, M.D. respectfully requests that this his Rule 12(b)(6) Motion to Dismiss be granted, that Plaintiff's claims against him be dismissed, and that he be granted such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled to receive.

Respectfully submitted,

DECKER, JONES, McMACKIN,
 McCLANE, HALL & BATES
Burnett Plaza, Unit 46
801 Cherry Street, Suite 2000
Fort Worth, Texas 76102
(817) 336-2400
(817) 332-3043 (Fax)

By: /s/ Randy J. Hall
RANDY J. HALL
State Bar No. 08769300
rhall@deckerjones.com
ATTORNEYS FOR DEFENDANT,
DOMINGO K. TAN, M.D.

Rule 12(b)(6) Motion to Dismiss For Failure to State A Claim Upon Which
Relief Can Be Granted of Defendant Domingo K. Tan, M.D.

Page 4

CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2014, I served each of the following counsel with a copy of the foregoing Original Answer electronically through the Court's ECF system:

Robert Hammer
Hammer & Associates
675 N. Henderson Street, Suite 300
Fort Worth, Texas 76107
Robert@rhammerlaw.com

Michael J. Henry
Attorney at Law, P.C.
675 N. Henderson Street, Suite 300
Fort Worth, Texas 76107
henry@henrytexlaw.com

Jeffrey W. Ryan
Chamblee & Ryan, P.C.
2777 N. Stemmons Frwy., Suite 1157
Dallas, Texas 75207
jwryan@chambleeyan.com

Gregory P. Blaies
James W. Hryekewicz
Blaies & Hightower, LLP
777 Main Street, Suite 1900
Fort Worth, Texas 76102
gregblaies@bhilaw.com
jwh@bhilaw.com

Vernon L. Krueger
Krueger, Bell & Bailey, LLP
1701 Market Street, Suite 318, LB 18
Dallas, Texas 75202
Vernon@kbbllp.com

Julie A. Medoros
Mederos PLLC
17950 Preston Rd., Suite 990
Dallas, Texas 75252
firm@mederosattorneys.com

Russell G. Thornton
Thiebaud, Remington, Thornton, Bailey, LLP
4800 Fountain Place 1445 Ross Ave.
Dallas, TX  75202
rthornton@trtblaw.com

_____
RANDY J. HALL

141.02331/386595