IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| **BETH CHANEY MACNEILL,** | § | |
|  | § | |
| **Plaintiff,** | § | |
|  | § | |
| **v.** | § | **Civil Action No. 4:14-cv-242-O** |
|  | § | |
| **NIRMAL JAYASEELAN M.D. et al.,** | § | |
|  | § | |
| **Defendants.** | § | |
|  | § | |

## ORDER

Before the Court are Defendant Domingo K. Tan M.D.'s ("Tan") Rule 12(b)(6) Motion to Dismiss and Brief in Support (ECF No. 29), filed May 27, 2014; Plaintiff's Response (ECF No. 42), filed June 17, 2014; Defendant EmCare Inc.'s ("EmCare") Amended Answer[1] (ECF No. 33), filed June 4, 2014; Plaintiff's Response (ECF No. 46), filed June 24, 2014; Defendant Chad Carlton, M.D.'s ("Carlton") Amended Rule 12(b)(6) Motion to Dismiss and Brief in Support (ECF Nos. 34-35), filed June 5, 2014; Plaintiff's Response (ECF No. 45), filed June 23, 2014; Defendant Baylor All Saints Medical Center at Fort Worth's ("Baylor") Amended Rule 12(b)(6) Motion to Dismiss and Brief in Support (ECF Nos. 36-37), filed June 5, 2014; Plaintiff's Response (ECF No. 50), filed June 26, 2014; Defendant Emergency Medicine Consultants, Ltd.'s ("EMC") Amended Rule 12(b)(6) Motion to Dismiss and Brief in Support (ECF Nos. 40-41), filed June 5, 2014; and

---

[1] EmCare filed its Motion to Dismiss within its Amended Answer.

Plaintiff's Response (ECF No. 48), filed June 24, 2014.[2]  Having reviewed the motions, the Court

finds that they should be and are hereby **GRANTED in part** and **DENIED in part**.

## I.      BACKGROUND

This suit arises out of an outpatient surgery performed by Defendant Nirmal Jayaseelan, M.D.

on Plaintiff on April 27, 2012.  Pl.'s Am. Compl. ¶ 4.1, ECF No. 22.  The next day, Plaintiff sought

treatment at the Texas Health Harris Methodist Hospital Fort Worth Emergency Department

("THHMH") for "complaints of severe abdominal pain."  *Id*. at ¶ 4.2.  The Hospital performed an

imaging study of Plaintiff's abdomen, which produced evidence of a surgical perforation.  *Id*. at ¶

4.4.  Plaintiff was discharged the same day.  *Id*.

On April 29, 2012, Plaintiff was transported by ambulance to the Baylor All Saints Medical

Center at Fort Worth Emergency Department.  *Id*. at ¶ 4.5.  An emergency physician performed an

examination and requested a surgical consultation from general surgeon Defendant Tan.  *Id*. at ¶ 4.8.

Tan "recognized the probability of a gastric leak and prepared [Plaintiff] for operative exploration."

*Id.*  Tan further sought a bariatric consultation from Defendant Carlton.  *Id.*  Carlton determined that

Plaintiff was septic and "initiated efforts to transfer [Plaintiff] to Dr. Jayaseelan."  *Id.*  Because Dr.

Jayaseelan was not on duty on April 29, and because the covering doctor refused to accept Plaintiff's

transfer, Plaintiff was not transferred back to Dr. Jayaseelan's care until April 30, 2012.  *Id*. at ¶¶ 4.9-

10.

---

[2] More fully before the Court are Defendant Carlton's Motion to Dismiss (ECF No. 5), filed May
2, 2014; Defendant Baylor's Motion to Dismiss (ECF No. 7), filed May 2, 2014; and Defendant EMC's
Motion to Dismiss and Brief in Support (ECF Nos. 14-15), filed May 6, 2014.  Because these defendants
later filed amended motions to dismiss, their original motions are **DENIED as moot**.

Plaintiff filed suit on April 8, 2014. *See* Pl.'s Compl., ECF No. 1. Plaintiff filed her First Amended Complaint, the live pleading, on May 21, 2014 (ECF No. 22). Against Defendants Tan and Carlton, Plaintiff asserts medical negligence claims. Pl.'s Am. Compl. ¶¶ 11.0-12.5, ECF No. 22. Against Defendants Baylor, EmCare, and EMC, Plaintiff asserts violations of the Emergency Medical Treatment and Labor Act ("EMTALA") and medical negligence claims. *Id.* at ¶¶ 8.0-9.8. Defendants Tan, Carlton, Baylor, EmCare, and EMC subsequently filed their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal

3

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion

to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court

assumes their veracity and then determines whether they plausibly give rise to an entitlement to

relief. *Id.*

"When a complaint fails to adequately state a claim, such deficiency should be 'exposed at

the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Cont'l*

*Auto.*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558). Courts

should, however, give the plaintiff at least one chance to amend a complaint before dismissing the

action with prejudice. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313

F.3d 305, 329 (5th Cir. 2002)). The Court addresses each defendant's motion in turn.

## III.   ANALYSIS

### A.   Defendant Tan's Motion

In her Amended Complaint, Plaintiff alleges that Tan is individually liable for negligence.

Pl.'s Am. Compl. ¶ 11.0, ECF No. 22. To establish a claim for negligence, a plaintiff must establish

that "(1) the defendant owed her a legal duty, (2) the defendant breached that duty, and (3) the breach

proximately caused the plaintiff's injuries." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d

401, 404 (Tex. 2009). Tan contends that Section 74.153 of the Texas Civil Practice and Remedies

Code guides Plaintiff's theory of recovery because Tan was "providing emergency medical care to

the Plaintiff at the time of his treatment made the basis of this suit." Tan's Br. Supp. Mot. Dismiss

4, ECF No. 29-1. Section 74.153 provides:

> In a suit involving a health care liability claim against a physician or health care
> provider for injury to or death of a patient arising out of the provision of emergency
> medical care in a hospital emergency department . . . the claimant bringing the suit

> may prove that the treatment or lack of treatment by the physician or health care provider departed from accepted standards of medical care or health care only if the claimant shows by a preponderance of the evidence that the physician or health care provider, with wilful and wanton negligence, deviated from the degree of care and skill that is reasonably expected of an ordinarily prudent physician or health care provider in the same or similar circumstances.

Tex. Civ. Prac. & Rem. Code Ann. § 74.153 (West 2013).  In response, Plaintiff states she "should be entitled to discover and determine the factual context of Defendant Tan's acts and/or omissions." Pl.'s Resp. 5, ECF No. 42.  However, a statement that discovery will reveal information to support a claim is insufficient in the face of a complaint lacking the requisite specificity.  *See Twombly*, 550 U.S. at 558, 560 (noting courts must take care to require sufficient allegations before permitting discovery).  Here, Plaintiff did not include allegations of willful or wanton negligence against Tan. *See generally* Pl.'s Am. Compl., ECF No. 22.  Additionally, even if Section 74.153 did not apply to Plaintiff's claim, Plaintiff wholly failed to allege facts supporting the elements of negligence.  *See generally id.*  Unadorned formulaic recitations or assertions of elements of a cause of action do not plead facts sufficient to overcome a motion to dismiss.  *See Iqbal*, 556 U.S. at 678.  As a result, the Court finds that Plaintiff failed to state a plausible claim for relief against Defendant Tan.

### B.   Defendant Carlton's Motion

Plaintiff asserts that Carlton is individually liable for negligence.  Pl.'s Am. Compl. ¶ 12.0, ECF No. 22.  In response, Carlton argues that he is entitled to dismissal of Plaintiff's claims against him because "EMTALA only imposes liability on covered hospitals for certain acts of hospital staff physicians, nurses and other personnel."  Carlton's Br. Supp. Am. Mot. Dismiss 3, ECF No. 35. While it is true that EMTALA, "[b]y its terms, . . . is not available against physicians or physician assistants," Plaintiff does not use this statute to support her negligence claim.  *Dysart v. Selvaggi*,

159 F. Supp. 2d 387, 390 (N.D. Tex. Mar. 30, 2001); Pl.'s Am. Compl. ¶¶ 12.0-12.5, ECF No. 22.

Carlton failed to address Plaintiff's negligence claim separately from EMTALA.  As a result, the

Court denies Carlton's motion on this claim.

> ### C.     Defendant Baylor's Motion

Plaintiff alleges that Baylor "by and through its agents, servants or employees, either (a) did

not adequately screen [Plaintiff] to determine whether or not she had an emergency medical

condition or (b) had actual knowledge of the emergency medical condition and did not stabilize her

before transfer." Pl.'s Am. Compl. ¶ 9.2, ECF No. 22.  In the alternative, Plaintiff alleges that Baylor

"by and through its agents, servants or employees" was negligent. *Id.* at ¶¶ 9.4-.7.  Baylor challenges

Plaintiff's allegations that it violated the screening and stabilizing provisions of EMTALA.

> ### 1.     Medical Screening

Section 1395dd(a) provides that "if any individual . . . comes to the emergency department

and a request is made on the individual's behalf for examination or treatment for a medical

condition, the hospital must provide for an appropriate medical screening examination within the

capability of the hospital's emergency department . . . to determine whether or not an emergency

medical condition . . . exists." 42 U.S.C. § 1395dd(a).  EMTALA was enacted to prevent "patient

dumping," and was not intended to be used as a federal malpractice suit.  *Marshall on Behalf of*

*Marshall v. E. Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 322 (5th Cir. 1998).  "[A]n EMTALA

'appropriate medical screening examination' is not judged by its proficiency in accurately diagnosing

the patient's illness, but rather by whether it was performed equitably in comparison to other patients

with similar symptoms." *Id.* at 322.  If a hospital performed an appropriate medical screening

examination, the hospital "is not liable under EMTALA even if the physician who performed the

examination made a misdiagnosis that could subject him and his employer to liability in a medical malpractice action brought under state law." *Id*.  In her Amended Complaint, Plaintiff alleges that she was first examined by a physician, then examined by a general surgeon. The general surgeon then sought a bariatric consultation from another doctor.  It was determined that Plaintiff was septic, and efforts were made to transfer Plaintiff to her original surgeon.  The purpose of the medical examination screening is "to determine whether an 'emergency medical condition exists.' Nothing more, nothing less." *Guzman v. Mem'l Hermann Hosp. Sys.*, 637 F. Supp. 2d 464, 482 (S.D. Tex. 2009) (citing *Collins v. DePaul Hosp.*, 963 F.2d 303, 307 (10th Cir. 1992)). Plaintiff's own allegations that she was examined by three separate doctors negate a finding of plausibility that Baylor failed to perform an appropriate medical screening examination as defined within the statute. As a result, the Court finds that Plaintiff failed to state a plausible claim for inadequate screening under EMTALA against Baylor.

### 2.  Failure to Stabilize

Once a hospital determines that a patient has an emergency medical condition, the hospital must "provide . . . for transfer of the individual to another medical facility."  42 U.S.C. § 1395dd(b)(1)(B).  Section 1395dd(c) requires that an individual must be stabilized before the individual is transferred to a different facility unless certain conditions are met.  *See generally id.* at § 1395dd(c).  An individual is stabilized when the hospital "provide[s] such medical treatment of the condition as may be necessary to assure, within reasonable medical probability, that no material deterioration of the condition is likely to result from or occur during the transfer of the individual from a facility."  *Id.* at § 1395dd(e)(3)(B).  Plaintiff alleges that Baylor did not "perform emergency surgery to repair the perforation" from her previous surgery.  Pl.'s Am. Compl. ¶¶ 4.8-.12, ECF No.

22; Pl.'s Resp. Baylor's Mot. Dismiss 7-8, ECF No. 50.  Plaintiff further alleges that her "medical

condition deteriorated while she waited to be transferred."  *Id*. at ¶ 4.11.  Plaintiff fails to state a

plausible claim because "EMTALA requires only that a hospital stabilize an individual's emergency

medical condition; it does not require a hospital to cure the condition."  *Green v. Touro Infirmary*,

992 F.2d 537, 539 (5th Cir. 1993).  Additionally, Plaintiff's conclusory statement that her condition

"deteriorated" is alone insufficient to support a finding that she was not adequately stabilized.  *See*

*Iqbal*, 556 U.S. at 678 ("Unadorned formulaic recitations or assertions of elements of a cause of

action do not plead facts sufficient to overcome a motion to dismiss.").  The Court finds that Plaintiff

failed to state a plausible claim for failure to stabilize under EMTALA against Baylor.

### D.    Defendant EMC's Motion

In her Amended Complaint, Plaintiff appears to allege an EMTALA claim and a negligence

claim against EMC by stating the following:

> Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not
> an EMTALA violation and if the acts or omissions of [EMC] are not imputed to
> [THHMH] then [EMC] was an express or ostensible agent of [THHMH], and
> [EMC], by and through its agents and/or employees,  committed one or more of the
> following acts and/or omissions of negligence . . . .

Pl.'s Am. Compl. ¶ 8.0, ECF No. 22.  EMC challenges the plausibility of each claim.

### 1.    EMTALA

EMTALA creates a private right of action for individuals who suffer injury as a result of a

"participating hospital's" violation of the statute. 42 U.S.C. § 1395dd(d)(2)(A).  EMC contends that

Plaintiff's "Complaint is devoid of any allegations giving rise to a plausible inference that Defendant

was, or is, a participating hospital as is required under EMTALA."  EMC's Am. Mot. Dismiss 4,

ECF No. 41.  In response, Plaintiff concedes that there is no cause of action against EMC under

EMTALA.[3] Pl.'s Resp. EMC's Am. Mot. Dismiss 4, ECF No. 48.  As a result, the Court finds that Plaintiff failed to state a plausible claim for relief under EMTALA against EMC.

        2.    <u>Negligence</u>

       To establish a claim for negligence, a plaintiff must establish that "(1) the defendant owed her a legal duty, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injuries." *Nabors Drilling, U.S.A., Inc.*, 288 S.W.3d at 404.  EMC contends that Plaintiff only provided conclusory statements regarding EMC's alleged acts that failed to show a plausible right to relief.  EMC's Am. Mot. Dismiss 4-5, ECF No. 41.  In response Plaintiff summarily argues that "Plaintiff has alleged alternative theories of negligence" and "[d]ismissal of Plaintiff's alternative theories would violate the 'liberal policy of Rule 8(d)(2).'" Pl.'s Resp. EMC's Am. Mot. Dismiss 4, ECF No. 48.  In her Motion, Plaintiff alleges that (1) EMC "failed to properly evaluate, diagnose and treat [Plaintiff's] condition;" (2) EMC "failed to recognize that [Plaintiff's] condition was emergent;" and (3) EMC "discharged [Plaintiff] with an emergency medical condition."  Pl.'s Am. Compl. ¶¶ 8.1-.3, ECF No. 22.  The Court finds that these facts alone fail to establish a plausible claim for relief for negligence.  *See Iqbal*, 556 U.S. at 678 ("Unadorned formulaic recitations or assertions of elements of a cause of action do not plead facts sufficient to overcome a motion to dismiss.").

    **E.**    **Defendant EmCare's Motion**

       In her Amended Complaint, Plaintiff appears to allege an EMTALA claim and a negligence claim against EmCare by stating the following:

---

[3] Plaintiff further argues that EMC's actions are imputed to THHMH such that THHMH violated EMTALA.  Pl.'s Resp. EMC's Am. Mot. Dismiss 4, ECF No. 48.  This argument does not change the fact that Plaintiff failed to state a plausible claim for relief against EMC under EMTALA.

Pleading hypothetically and in the alternative, pursuant to FRCP 8(d)(2), if this is not an EMTALA violation and if the acts or omissions of [EmCare] are not imputed to [Baylor] then [EmCare] was an express or ostensible agent of [Baylor], and [EmCare], by and through its agents and/or employees, committed one or more of the following acts and/or omissions of negligence . . . .

Pl.'s Am. Compl. ¶ 10.0, ECF No. 22.  EmCare challenges the plausibility of each claim.

### 1.   EMTALA

In its Answer, EmCare contends that it "does not engage in the practice of medicine and has no vicarious liability for the care and treatment rendered to Plaintiff."  EmCare's Answer Pl.'s Am. Compl. ¶ 21, ECF No. 33.  EmCare further maintains that it "does not have an EMS contract with Baylor."  *Id*. at ¶ 22.  A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts.  *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).  Here, EmCare refutes all of Plaintiff's factual allegations regarding her EMTALA claim in its Motion to Dismiss.  Accordingly, the Court denies EmCare's motion on this claim.

### 2.   Negligence

To establish a claim for negligence, a plaintiff must establish that "(1) the defendant owed her a legal duty, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's injuries."  *Nabors Drilling, U.S.A., Inc.*, 288 S.W.3d at 404.  EmCare contends that Plaintiff failed to establish a plausible claim because she "does not set forth in the allegations upon what basis [EmCare] would have a duty to perform the acts or omissions alleged."  EmCare's Answer Pl.'s Am. Compl. ¶ 21, ECF No. 33.  In her Amended Complaint, Plaintiff alleges that EmCare was negligent by (1) failing to "properly evaluate, diagnose, and treat [Plaintiff's] condition;" (2) failing to "recognize that [Plaintiff's] medical condition was emergent;" and (3)

transferring Plaintiff with an emergency medical condition.  Pl.'s Am. Compl. ¶¶ 10.1-.3, ECF No. 22.  The Court finds that these allegations alone fail to establish facts that set forth a plausible claim for negligence.  *See Iqbal*, 556 U.S. at 678 ("Unadorned formulaic recitations or assertions of elements of a cause of action do not plead facts sufficient to overcome a motion to dismiss.").

## IV.   CONCLUSION

For the foregoing reasons, the Court:

• **GRANTS** Defendant Tan's Motion to Dismiss (ECF No. 29); Plaintiff's negligence claim against Tan is **DISMISSED**;

• **DENIES** Defendant Carlton's Amended Motion to Dismiss (ECF No. 34);

• **GRANTS** Defendant Baylor's Amended Motion to Dismiss (ECF No. 36); Plaintiff's EMTALA claim against Baylor is **DISMISSED**;

• **GRANTS** Defendant EMC's Amended Motion to Dismiss (ECF No. 40); Plaintiff's EMTALA claim against EMC is **DISMISSED** and Plaintiff's negligence claim against EMC is **DISMISSED**; and

• **GRANTS in part** and **DENIES in part** Defendant EmCare's Amended Motion to Dismiss (ECF No. 33).  The Motion is **denied** in regards to Plaintiff's EMTALA claim and **granted** in regards to Plaintiff's negligence claim.  Plaintiff's negligence claim is **DISMISSED**.

If Plaintiff wishes to amend her Amended Complaint to cure these deficiencies, she may do so by filing an amended complaint on or before **October 15, 2014**. Otherwise, the Court will dismiss all of Plaintiff's aforementioned claims with prejudice.

11

**SO ORDERED** on this **8th day** of **October, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**