IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETH CHANEY MACNEILL | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| NIRMAL JAYASEELAN, M.D., | § | |
| DOMINGO K. TAN, M.D., CHAD | § | CIVIL ACTION NO. 4:14-CV-242-O |
| CARLTON, M.D., TEXAS HEALTH | § | |
| HARRIS METHODIS HOSPITAL FORT | § | |
| WORTH, EMERGENCY MEDICINE | § | |
| CONSULTANTS LTD., BAYLOR ALL | § | |
| SAINTS MEDICAL CENTER AT FORT | § | |
| WORTH, AND EMCARE, INC. | § | |
|    *Defendants* | § | |

**TEXAS HEALTH HARRIS METHODIST HOSPITAL FORT WORTH'S MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO SERVE CHAPTER 74 EXPERT REPORT AND BRIEF IN SUPPORT**

TO:   THE HONORABLE REED O'CONNOR, UNITED STATES DISTRICT COURT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS

COMES NOW DEFENDANT Texas Health Harris Methodist Hospital Fort Worth (hereinafter, "THHMFW" or "Defendant") and, pursuant to Tex. Civ. Prac & Rem. Code § 74.351(b), files this Motion for Partial Dismissal for Failure to Serve Chapter 74 Expert Report and Brief in Support.  In support of this Motion, Defendant would respectfully show this Honorable Court the following:

**I.
INTRODUCTION**

1.0   Plaintiff has filed both an Emergency Medical Treatment and Active Labor Act ("EMTALA") claim under 42 U.S.C.A. § 1395dd and a health care liability claim under Chapter 74 of the Texas Civil Practice and Remedies Code against the Defendant.  Accordingly, pursuant to

Section 74.351(a) of the Texas Civil Practice & Remedies Code, in order to pursue the health care liability claim, Plaintiff was required to file an expert report within 120 days of the date that Defendant's answer was filed. *See* TEX. CIV. PRAC & REM. CODE § 74.351(a). Even under the most lenient reading of that requirement, Plaintiff's expert report was due by October 1, 2014. To date, no expert report has been filed. Consequently, Defendant seeks to have the Court dismiss with prejudice the health care liability claim (not the EMTALA claim) asserted against it by Plaintiff and award such other relief permitted by statute. *See* TEX. CIV. PRAC & REM. CODE § 74.351(b).

## II.
## BACKGROUND

2.0   Plaintiff filed her Original Complaint on April 8, 2014 and Defendant answered on May 2, 2014. Plaintiff subsequently filed her Amended Complaint on May 21, 2014 confirming that she was making an alternative claim against the Defendant for negligence arising from her care and treatment on April 28, 2012. Defendant filed its Amended Answer on June 3, 2014. Even assuming the 120-day period did not begin running until Defendant filed that Amended Answer, the 120-day period ran no later than October 1, 2014.

2.1   To date, Plaintiff has not filed an expert report against the Defendant, nor have any agreements been reached to extend the filing deadline.

## III.
## ARGUMENT AND AUTHORITIES

3.0   Section 74.351(a) of the Texas Civil Practice and Remedies Code requires:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

TEX. CIV. PRAC & REM. CODE § 74.351(a).  If an expert report has not been served within the 120 day period the court, on motion of the health care provider, *shall* enter an order that awards the health care provider reasonable attorney's fees and costs of court incurred by the health care provider and dismiss the claim against the health care provider with prejudice to the refiling of same. *See id*. at § 74.351(b).

3.1    Federal courts, *including the present Court*, have found that it is appropriate to assess and apply Texas substantive law when addressing the expert report requirement in health care liability claims.  As this Court noted in *Estate of Henson v. Wichita County*: "If an expert report has not been served as required, upon motion by a defendant, a court *must* dismiss the claim, with respect to the physician or health care provider with prejudice to refiling." 652 F. Supp. 2d 730, 748-49 (N.D. Tex. 2009) (emphasis added).  *See also*, *Prentice v. U.S.*, 2013 U.S. Dist. Lexis 158035 (N.D. Tex. 2013) (holding that this report requirement does not conflict with federal law and required dismissal of the plaintiff's medical claims against the United States); *Privett v. U.S.*, 2013 U.S. Dist. Lexis 182790 (E.D. Tex. 2013) (noting that this expert report requirement is a "substantive hurdle for frivolous medical liability suits" and dismissing the plaintiff's claims against the United States); *Cruz v. Chang*, 400 F. Supp. 2d 906, 911-13 (W.D. Tex. 2005) (citing the predecessor statute to Chapter 74 when addressing the substantive nature of the statute).

3.2    In the present case, Defendant filed its Answer on May 2, 2014, and its Amended Answer on June 3, 2014, requiring the filing of an expert report no later than October 1, 2014.  TEX. CIV. PRAC & REM. CODE § 74.351(a).  To date, no expert report has been filed by Plaintiff in compliance with the strict requirements of Section 74.351(a).  Accordingly, as mandated by Section 74.351(b), this Court must dismiss the Plaintiff's health care liability claim she has asserted against the

Defendant and grant the other relief statutorily indicated under Section 74.351(b). *See id.* at 74.351(b).

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court dismiss Plaintiff's health care liability claim against Texas Health Harris Methodist Hospital Fort Worth with prejudice to the refiling of same, and grant the other statutory relief permitted under Section 74.351(b) of the Texas Civil Practice and Remedies Code. Defendant further prays for an award of all such further relief, whether in law or equity, to which Defendant may show itself to be justly entitled.

    Respectfully submitted,

By:   /s/ James W. Hryekewicz
     GREGORY P. BLAIES
     State Bar No. 02412650
     gregblaies@bhilaw.com

     JAMES W. HRYEKEWICZ
     State Bar No. 00784298
     JHW@bhilaw.com

     WESLEY T. D. MYERS
     State Bar No. 24007725
     wesmyers@bhilaw.com

     BLAIES & HIGHTOWER, L.L.P.
     421 W. Third Street, Suite 900
     Fort Worth, Texas 76102
     817-334-0800 (Telephone)
     817-334-0574 (Facsimile)

     ATTORNEYS FOR DEFENDANT TEXAS
     HEALTH HARRIS METHODIST
     HOSPITAL FORT WORTH

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2014, I electronically filed the foregoing document with the clerk for the U. S. District Court, Northern District of Texas, using the Electronic Case Filing system of the Court. The Electronic Case Filing System sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to this Notice as service of this document by electronic means:

Robert W. Hammer
675 North Henderson, Suite 300
Fort Worth, Texas 76107
E-mail: Robert@hammerlaw.com

Russell G. Thornton
THIEBAUD REMINGTON THORNTON
  BAILEY, LLP
4800 Fountain Place
1445 Ross Avenue
Dallas, Texas 75202
E-mail: rthornton@trtblaw.com

Michael J. Henry
675 North Henderson, Suite 300
Fort Worth, Texas 76107
E-mail: henry@henrytexlaw.com

Jeffrey W. Ryan
Jarad L. Kent
CHAMBLEE, RYAN, KERSHAW
   & ANDERSON, P.C.
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
E-mail: jwryan@chambleeryan.com
E-mail: jkent@chambleeryan.com

    /s/ James W. Hryekewicz
    James W. Hryekewicz