IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BETH CHANEY MACNEILL, | § | |
|     Plaintiff, | § | |
| v. | § | Civil Action No. 4:14-cv-242-O |
| NIRMAL JAYASEELAN, M.D. et al., | § | |
|     Defendants. | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 93), filed November 25, 2014. None of the named defendants in this suit have filed a response. Having reviewed the motion, the Court finds that Plaintiff's Motion should be and is hereby **GRANTED**.

In her proposed Third Amended Complaint, Plaintiff alters her claims against two defendants: Nirmal Jayaseelan M.D. and Texas Health Harris Methodist Hospital Fort Worth. *See generally* 2d Mot. Amend, ECF No. 93-1. In her motion, Plaintiff states that she "requests to amend the petition due to the discovery of fraudulent misrepresentations and fraudulent concealment by Dr. Nirmal Jayaseelan." 2d Mot. Amend 1, ECF No. 93. In support, she explains that she "made multiple good faith efforts to depose Defendant Jayaseelan beginning July 31, 2014, and ultimately noticed his deposition for October 17, 2014." *Id.* at 2. When she ultimately conducted the deposition, Plaintiff contends that she "discovered that Dr. Jayaseelan misrepresented Beth MacNeill's preoperative diagnosis and fraudulently concealed the surgical procedure actually

performed." *Id.* Pursuant to the Court's Scheduling Order, the deadline to file a motion to amend pleadings was August 25, 2014. *See* Scheduling Order, June 25, 2014, ECF No. 49.

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings," and provides that leave to amend should be "'freely given when justice so requires.'" *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citing Fed. R. Civ. P. 15(a); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). This lenient standard does not apply, however, "if an amendment would require the modification of a previously entered scheduling order." *Id.* Accordingly, if a scheduling order's deadline to amend has expired, Rule 16(b) governs the amendment of pleadings. *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Defendant must show that the deadlines cannot reasonably be met despite its diligence. *Filgueira*, 734 F.3d at 422 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)). If Defendant shows good cause for missing the deadline, then the Court will apply the "more liberal standard of Rule 15(a)." *Id.* (citation omitted) (internal quotation marks omitted).

The Court considers the following four factors to determine whether good cause under Rule 16(b)(4) exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Filgueira*, 734 F.3d at 422 (citations omitted) (internal quotation marks omitted); *see also Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.).

Here, the first Rule 16(b)(4) factor weighs in favor of amendment. In her motion, Plaintiff maintains that although she attempted to depose Dr. Jayaseelan several times beginning July 31,

2014, she was unable to take the deposition until October 17, 2014.  The second factor additionally favors Plaintiff because she seeks alter her claims against the defendants in this case.  As to the third factor, the discovery deadline has not passed, and the dispositive motion deadline is more than three months away.  *See* Scheduling Order, June 25, 2014, ECF No. 49.  Additionally, Defendants have failed to file a response or otherwise establish that they would be prejudiced by the amendment.  Lastly, the Court has not yet extended the trial date, which is scheduled for August 10, 2015.  *See id*.

The focus of Rule 16(b)'s good cause standard is the diligence of the party seeking to modify the scheduling order.  *See Anzures*, 886 F. Supp. 2d at 568 (citations omitted); *see also Filgueira*, 734 F.3d at 422 (quoting *Fahim*, 551 F.3d at 348); *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008)).  Plaintiff has provided a persuasive reason why the deadline to amend her Complaint could not have reasonably been met despite her diligence.  *See id.* at 561.  Accordingly, the Court finds that Plaintiff has demonstrated that good cause exists.  Plaintiff's Motion for Leave to File an Amended Complaint is **GRANTED**.

**SO ORDERED** on this **5th day** of **January, 2015**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**